Leslie R. BOLTON, #74439, Petitioner,

v.

Warden Ray H. PAGE, Respondent.

No. A–14397.

Court of Criminal Appeals of Oklahoma.

Oct. 25, 1967.

Leslie R. Bolton, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge:

On August 11, 1967 Leslie R. Bolton, #74439, filed in this Court on a printed form furnished by the Court, his petition for writ of habeas corpus, and attached thereto, what he styled as a "Petition for writ of error coram nobis". The Attorney General files a motion for dismissal, demurrer and response.

Petitioner states that he entered a plea of guilty to a charge pending against him in Tulsa County, on a promise of the judge of the district court of that county, and of his court-appointed attorney, that he would be given credit for the time he spent in jail. He does not state how long he was held in jail, whether it was before or after sentence, and does not state the charge against him. He bases his claim for jail time on Title 57 Okl.St.Ann. § 350, which he grossly misquotes. However, this section of the statute has reference to credit for time spent while on an unrevoked parole, and has no connection to time spent in jail either before or after sentence.

The statute applicable to this case is Title 57 Okl.St.Ann. § 138, as amended in 1961, and provides, among other things:

"*  *  * All inmates serving their first term with a good conduct record and who have no infraction of the rules and regulations of the penal institution shall be allowed as a deduction from his term of imprisonment the jail time, if any, served

prior to being received at the penal institution. * * *"

 From the records in the office of the Department of Corrections, of which this Court takes judicial notice, we find that this petitioner had served prior convictions in the Federal Penitentiary, as well as the Oklahoma State Penitentiary. Hence, he was not entitled to credit for time spent in the county jail, either before or after conviction.

As to the petition for writ of error coram nobis, this Court held in State ex rel. Burford v. Sullivan, 86 Okl.Cr. 364, 193 P.2d 594:

"The functions of a writ of error coram nobis are limited to an error of fact for which the statutes provides no other remedy, which fact did not appear of record or is unknown to the court when judgment was pronounced, and which, if known, would have prevented the judgment and which was unknown and could not have been known to the party by the exercise of reasonable diligence in time to have been otherwise presented to the court, or unless he was prevented from so presenting them by duress, force, or other sufficient cause."

Petitioner does not contest the jurisdiction of the trial court, nor does he contend that the sentence imposed was excessive. Petitioner makes no claim that he was not guilty of the crime charged, or that he had a defense to such charge. He admits that he had an attorney at all stages of his trial, and that he entered a plea of guilty.

 A writ of error coram nobis will not be granted except where it clearly appears that petitioner had a valid defense of the facts of the case. Under the showing made by this petitioner, writ of error coram nobis does not lie.

The petitions of Leslie R. Bolton, #74439, for writ of habeas corpus and for writ of error coram nobis are both denied.

NIX, P. J., and BUSSEY, J., concur.